THE STATE OF OHIO, APPELLEE, *v.* LECHNER, APPELLANT.

[Cite as *State v. Lechner* (1995), 72 Ohio St.3d 374.]

(No. 95–21—Submitted April 4, 1995—Decided June 28, 1995.)

*Rocky A. Coss,* Highland County Prosecuting Attorney, for appellee.

*James P. Lechner, pro se.*

*Per Curiam.* We affirm the judgment of the court of appeals.

App. 26(B)(2) states:

"An application for reopening shall contain all of the following:

" * * *

"(c) one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

"(d) a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which

the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record."

The court of appeals found that the sworn statement required by App.R. 26(B)(2)(d) is mandatory. We agree. Moreover, we note that the reason appellant did not include the affidavit required by App.R. 26(B)(2)(d) may be that most of the issues raised in his application to reopen were in fact previously raised in either his direct appeal or in the appeal of the denial of his petition for postconviction relief, thereby precluding compliance with App.R. 26(B)(2)(c) and (d). In *State v. Reddick* (1995), 72 Ohio St.3d 88, 90–91, 647 N.E.2d 784, 786, we stated that "App.R. 26(B) was [not] intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." App.R. 26(B)(2)(c) and (d) should make it obvious that the rule is also not an invitation to raise old issues previously adjudicated. Accordingly, we find appellant's appeal to be without merit.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.