[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 372.]

THE STATE OF OHIO, APPELLEE, *v*. FRANKLIN, APPELLANT.

[Cite as *State v. Franklin*, 1995-Ohio-8.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 95-214—Submitted April 4, 1995—Decided June 28,1995.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 55604 and 55684.

———————————

{¶ 1} In 1987, appellant, Fred Franklin, was indicted on three counts of drug possession, two counts of having a weapon under disability, two counts of possessing criminal tools, and one count of carrying a concealed weapon. He was subsequently convicted on all counts, and the Court of Appeals for Cuyahoga County affirmed the convictions on appeal, but remanded the cause for partial resentencing. *State v. Franklin* (Aug. 9, 1989), Cuyahoga App. Nos 55604 and 55684, unreported. Over five years later, on October 25, 1994, appellant filed an application to reopen his appeal under App.R. 26(B), alleging ineffective assistance of his appellate counsel. The court of appeals found that appellant had failed to establish good cause for filing the application more than ninety days after journalization of the appellate judgment sought to be reopened, as required by App.R. 26(B)(2)(b), and that appellant had failed to submit with his application a "sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to * * * [App.R. 26(B)(2)(c)] and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." Nevertheless, the court of appeals

considered all ten of appellant's assignments of error on the merits and, regarding each assignment, found that the issue was res judicata, or that counsel was not ineffective, or that appellant had demonstrated no prejudice.

{¶ 2} Appellant appeals from this decision.

———————————

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson*, Assistant Prosecuting Attorney, for appellee.

*Fred Franklin*, pro se.

———————————

***Per Curiam.***

{¶ 3} We affirm the judgment of the court of appeals.

{¶ 4} On appeal, appellant argues, inter alia, that he did argue good cause for untimely filing in his application to reopen—that he was ignorant of the law and did not know how to proceed. However, in *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784, 786, we held that ignorance of the law is not a sufficient justification for untimely filing.

{¶ 5} Appellant also argues that he complied with App.R. 26(B)(2)(d) by attaching an affidavit swearing to the truth of the allegations of his application. However, such an affidavit falls short of the particularity required by the rule. Moreover, as we suggested in *State v. Lechner* (1995), 72 Ohio St.3d 374, 650 N.E.2d 449, one reason for failure to file the required sworn statement may be that many of the claims were in fact considered by an appellate court, thereby precluding compliance with App.R. 26(B)(2)(c) and (d). Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————