[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 232.]

THE STATE OF OHIO, APPELLEE, *v*. DAVIE, APPELLANT.

[Cite as *State v. Davie*, 1996-Ohio-274.]

*Appellate procedure—S.Ct.Prac.R. II(2)(A)(1), applied—Failure to file notice of appeal within forty-five days from entry of judgment being appealed divests Supreme Court of jurisdiction to hear the appeal.*

(No. 95-1214—Submitted September 26, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Summit County, No. 16252.

_____

{¶ 1} Appellant, Michael D. Davie, was convicted of felonious assault, two counts of aggravated robbery, five counts of aggravated burglary, and attempted murder with a firearm specification. The court of appeals affirmed the conviction on February 23, 1994. *State v. Davie*, Summit App. No. 16252, unreported. He subsequently filed an application to reopen his appeal under App.R. 26 (B). On March 20, 1995, the court of appeals denied the application because appellant did not attach a "sworn statement of the basis for the claim," as required by App.R. 26(B)(2)(d).[1]

{¶ 2} Appellant then filed a motion for reconsideration, which the court of appeals denied on May 5, 1995. Appellant then filed his notice of appeal in this court on June 16, 1995, within forty-five days of the journal entry on reconsideration, but more than forty-five days after the journal entry denying the application. In addition to its brief, the state has filed a motion to dismiss because appellant did not file the notice of appeal within forty-five days from the entry of the judgment being appealed.

_____

1. See *State v. Lechner* (1995), 72 Ohio St.3d 374, 650 N.E.2d 449, holding that this sworn statement is mandatory.

—————————————

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Philip D. Bogdanoff*, Assistant Prosecuting Attorney, for appellee.

*Michael D. Davie, pro se.*

—————————————

***Per Curiam.***

**{¶ 3}** S.Ct.Prac.R. II(2)(A)(1) states in part:

"To perfect an appeal from a court of appeals to the Supreme Court, other than in a certified conflict case (which is addressed in S.Ct.Prac.R. IV), the appellant shall file a notice of appeal in the Supreme Court within 45 days from the entry of judgment being appealed. *** Except as provided in divisions (A)(2), (3), and (4) of this section, the 45-day time period for filing a notice of appeal and memorandum in support of jurisdiction is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal."

**{¶ 4}** S.Ct.Prac. R. II(2)(A)(2), (3), and (4) create no exception to the jurisdictional appeal period. The judgment being appealed is the March 20, 1995 judgment denying the application to reopen. Accordingly, the state's motion to dismiss is sustained.

*Motion to dismiss sustained.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.

—————————————