On May 6, 1999, Kermit Harris, applicant, filed a timely application to reopen the judgment of this court in State v.Harris (Mar. 15, 1999), Cuyahoga App. No. 73921, unreported, which affirmed applicant's convictions of aggravated robbery, aggravated burglary, and disrupting a public service. Applicant claims counsel was ineffective on appeal for failing to raise two assignments of error, one regarding prosecutorial misconduct and the other regarding a photographic identification. The state has not filed any opposition to the application for reopening. Applicant, however, has not shown the existence of a genuine issue as to appellate counsel's performance with respect to the omission of either assignment. Consequently, we deny the application to reopen.
Applications for reopening are governed by App.R. 26(B). That rule requires applicants to provide a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Applicant has not provided such an affidavit with his application for reopening. The failure to provide a sworn statement as required by App.R. 26(B)(2)(d) is fatally defective to the application and, accordingly, the application for reopening is denied. State v. Lechner (1995), 72 Ohio St.3d 374,650 N.E.2d 449; State v. Phelps (Sept. 30, 1996), Cuyahoga App. No. 69157, unreported, reopening disallowed (July 7, 1997), Motion No. 78189; State v. Blackwell (Dec. 28, 1987), Cuyahoga App. No. 53185, unreported, reopening disallowed (Aug. 4, 1994), Motion No. 54033; State v. Buehler (Feb. 9, 1987), Cuyahoga App. No. 51522, unreported, reopening disallowed (Mar. 27, 1998), Motion No. 88009.
Notwithstanding applicant's omission of the sworn statement, our review of the application reveals no genuine issue concerning counsel's effectiveness. Applicant contends the prosecutor permitted perjurious testimony as shown by a copy of an oral statement that applicant was supplying. Applicant, however, provided no copy of "any statement with his application and has provided no other information with respect to the statement. Applicant also contends that a witness's photographic identification of him was tainted, but applicant has failed to demonstrate how the omission of an assignment of error concerning the photo array prejudiced his appeal, especially in light of the fact that an additional, different eyewitness identified applicant as a participant in the robbery and in light of the other evidence connecting applicant to the crimes committed. Neither contention of applicant concerning the omission of assignments of error presents a genuine issue as to whether applicant was deprived of the effective assistance of counsel on appeal.
Accordingly, the application for reopening is denied.
JOHN T. PATTON, J. and KENNETH A. ROCCO, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE