JOURNAL ENTRY AND OPINION
Applicant, Kenneth Bussey, has filed an application for reopening pursuant to App.R. 26 (B). The applicant is attempting to reopen the appellate judgment that was rendered by this court in State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, which affirmed the applicant's conviction for the offenses of possession of marijuana and possession of criminal tools. For the following reasons, we decline to reopen the applicant's appeal.
As required by App.R. 26 (B) (1), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant is attempting to reopen. If the application for reopening is not timely filed, App.R. 26 (B) (2) (b) requires that the applicant establish good cause for failure to file the application within ninety days of journalization of the appellate judgment that is subject to reopening.
Herein, the applicant is attempting to reopen the appellate judgment that was journalized on January 11, 2000. The applicant's application for reopening, however, was not filed until April 24, 2000, more than ninety days after journalization of the appellate judgment in Cuyahoga Appellate Case No. 75301. The application for reopening is thus not timely filed.
In an attempt to establish good cause for the untimely filing of the application for reopening, the applicant states that:
 Defendant-Appellant (sic) contends that the delay was a result of his inability to acquire the transcript and other necessary documents that were needed to prepare the motion.
The Supreme Court of Ohio, however, has established that a lack of effort, imagination, or ignorance of the law are not circumstances which establish good cause for failure to timely file an application for reopening pursuant to App.R. 26 (B).State v. Reddick (1995), 72 Ohio St.3d 88. See, also, State v.Larson (Nov. 22, 1993), Cuyahoga App. No. 63001, unreported, reopening disallowed (Aug. 13, 1996), Motion No. 73462; State v.McCarter (April 19, 1993), Cuyahoga App. No. 62346, unreported, reopening disallowed (Aug. 12, 1994), Motion No. 43167; State v.Klein (April 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (March 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481. Herein, the applicant has failed to establish good cause for the untimely filing of his application for reopening.
The doctrine of res judicata also prevents this court from granting the application for reopening. Errors of law that were either raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of resjudicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from review by the doctrine ofres judicata unless circumstances render application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60.
In the case sub judice, the applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, the applicant did file an appeal, pro se,
with the Supreme Court of Ohio. In the pro se appeal, the applicant did raise or could have raised the issue of ineffective assistance of appellate counsel. Since the Supreme Court of Ohio dismissed the applicant's appeal on or about June 15, 2000, resjudicata now bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Dehler (1995), 73 Ohio St.3d 307;State v. Terrell (1995), 72 Ohio St.3d 247; State v.Smith (Jan 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
Finally, App.R. 26 (B) (2) (d) requires an applicant to provide this court with a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." The applicant has not included a sworn statement with his application for reopening. The failure to provide a sworn statement renders the application for reopening fatally defective. State v. Lechner (1995), 72 Ohio St.3d 374;State v. Harris (Mar. 15, 1999), Cuyahoga App. No. 73921, unreported, reopening disallowed (Oct. 13, 1999), Motion No. 6249.
Accordingly, the application for reopening is denied.
KARPINSKI, J., AND SWEENEY, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE