JOURNAL ENTRY and OPINION
In State v. Jaffifal, Cuyahoga County Court of Common Pleas Case No. CR-369065, applicant was convicted of aggravated burglary with notice of prior conviction/repeat violent offender specifications, felonious assault with notice of prior conviction/repeat violent offender specifications, vandalism, and failure to comply with order/signal of peace officer. This court affirmed that judgment in State v. Jaffal (July 27, 2000), Cuyahoga App. No. 76473, unreported. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Jaffal (2000), 90 Ohio St.3d 1468, 738 N.E.2d 381
[Supreme Court of Ohio Case No. 00-1610].
Applicant has filed with the clerk of this court a timely application for reopening pro se. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assert on direct appeal that trial counsel was ineffective. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Applicant's request for reopening is barred by res judicata.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
Applicant filed a pro se appeal of this court's decision affirming his conviction. As noted above, the Supreme Court of Ohio dismissed applicant's appeal. "[T]he applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. * * *. Since the issue of ineffective assistance [of] appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further review of the claim." State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241, at 2, appeal dismissed (2000), 89 Ohio St.3d 1488, ___ N.E.2d ___. See also State v. Blackmon (July 18, 1985), Cuyahoga App. No. 48787, unreported, reopening disallowed (Oct. 25, 2000), Motion No. 18768, at 3-4. Furthermore, we find that the application of res judicata in this case is just. Any arguments made in the application for reopening could have been made in applicant's appeal to the Supreme Court of Ohio.
We also note that the application is not supported by a sworn statement.
 Finally, App.R. 26(B)(2)(d) requires an applicant to provide this court with a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." The applicant has not included a sworn statement with his application for reopening. The failure to provide a sworn statement renders the application for reopening fatally defective. State v. Lechner (1995), 72 Ohio St.3d 374, 650 N.E.2d 449; State v. Harris, 1999 Ohio App. LEXIS 820 (Mar. 4, 1999), Cuyahoga App. No. 73921, unreported, reopening disallowed (Oct. 13, 1999), Motion No. 6249.
State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647, at 4-5. Likewise, the failure to provide a sworn statement is a sufficient basis for denying reopening in this case.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
Applicant complains that appellate counsel failed to assign as error on direct appeal the ineffectiveness of trial counsel. The purported shortcomings in trial counsel's representation asserted by applicant are trial counsel's failure to: investigate, interview or subpoena witnesses; request an in camera inspection of the police statements of a witness; subpoena phone records; subpoena an investigator; obtain a psychological report; introduce into evidence taped phone conversations of the victim threatening applicant; "pursue a defense instruction to the jury," application at 5. Applicant also contends that the trial court abused its discretion by preventing the victim's husband from testifying regarding a prior domestic violence report in which she (the victim in this case) was the aggressor.
Applicant states that he "clearly instructed Appellate counsel to raise [these] claims" and that "the record shows Appellant raised several of these concerns at the trial level but were ignored or refused by trial counsel or determined to be inconsequential * * *." Application, at 5-6. Applicant does not, however, identify where in the record he raised these concerns or instructed counsel.
 We have repeatedly held that matters arising from evidence outside the record should be addressed in postconviction relief proceedings. See, e.g., State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560, at 4 [appeal pending as Supreme Court of Ohio Case No. 98-0690 (appeal dismissed in 82 Ohio St.3d 1440, 695 N.E.2d 264)].
State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019, at 6, 10. See also State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, unreported, reopening disallowed (June 21, 2000), Motion No. 12367, at 7-8. Likewise, in this case, none of the arguments by applicant would have been appropriate on direct appeal. We cannot, therefore, conclude that the performance of appellate counsel was deficient or that applicant was prejudiced by omitting these arguments from applicant's direct appeal.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
TIMOTHY E. McMONAGLE, J., AND LEO M. SPELLACY, J., CONCURS.