JOURNAL ENTRY AND OPINION
On January 31, 2002, the applicant, Lakiesha Phillips, applied, pursuant to App.R. 26 (B), to reopen this court's judgment in State ofOhio v. Lakiesha Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, unreported, which affirmed her convictions and sentences for multiple criminal offenses, including drug trafficking, felonious assault, retaliation, and tampering with evidence. For the following reasons, this court denies the application sua sponte.
The application is fatally deficient in several ways. First, App.R. 26 (B) (2) (c) requires that an application contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered in the, case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." The application contains no such assignments of error. Without such assignments of error it is not possible to evaluate an application to reopen.
Secondly, App.R. 26 (B) (2) (d) requires a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *" The failure to provide the required sworn statement is also sufficient basis to deny the application. In State v.Lechner (1995), 72 Ohio St.3d 374, 650 N.E.2d 449, the Ohio Supreme Court ruled that the sworn statement is mandatory and upheld the denial of an application because that sworn statement was missing. See, also, State v.Fussell (June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186 and State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891.
Accordingly, the application is denied.
TIMOTHY E. McMONAGLE, A.J. and TERRENCE O'DONNELL, J. CONCUR.