JOURNAL ENTRY and OPINION
In State v. Patterson, Cuyahoga County Court of Common Pleas Case No. CR-347153, applicant was convicted of possession of drugs. This court affirmed that judgment in part and remanded the case for re-sentencing inState v. Patterson (July 29, 1999), Cuyahoga App. No. 74348, unreported. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Patterson
(1999), 87 Ohio St.3d 1450 [Supreme Court of Ohio Case No. 99-1680].
Applicant has filed with the clerk of this court an application for reopening, asserting that he was denied the effective assistance of appellate counsel because, in an entry filed with the clerk of the Common Pleas Court on March 16, 2001, the court of common pleas made his sentence in Case No. CR-347153 consecutive to Case No. CR-350421. We deny this application for reopening in accordance with the reasons provided herein.
The court entered the order which gives rise to this application for reopening more than nineteen months after our court journalized its decision in applicant's direct appeal. App.R. 26(B)(1) provides, in part: "A defendant in a criminal case may apply for reopening of theappeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." (Emphasis added.) Patterson, however, has not appealed from the order imposing consecutive sentences; instead, here, he seeks to re-open his direct appeal of the original conviction and sentence. We decline to do so because Patterson, in reality, seeks relief from the March 16, 2001 common pleas court order.
In State v. Green (Aug. 17, 1995), Cuyahoga App. No. 67609, unreported, reopening disallowed (Aug. 15, 2001), Motion No. 28323, the court of common pleas determined that the applicant was a sexual predator. There, we stated: "However, no appellate judgment which examined the trial court's finding that the applicant was a sexual predator was announced and journalized by this Court. Thus, this Court is prevented from considering the applicant's application for reopening as made pursuant to App. R. 26(B)." Id. at 2 (citations deleted).
Green requires, therefore, that we deny the petition in this case as well. We cannot conclude that counsel's lack of clair-voyance constitutes the ineffective assistance of appellate counsel; that is, the trial court — many months after this court had decided the direct appeal — entered judgment changing part of the defendant's sentence from concurrent with the sentence imposed in three other cases to consecutive to the sentence in one of those three. Applicant has failed to demonstrate how his appellate counsel was deficient under the circumstances. Absent an appeal from the order imposing the consecutive sentence, reopening is inappropriate with respect to that order.
We also note that, although an affidavit of indigency accompanies the application, applicant has not supported the application with an affidavit averring grounds for reopening.
 * * * App.R. 26(B)(2)(d) requires a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." The failure to provide the required sworn statement is also sufficient basis to deny the application. In State v. Lechner
(1995), 72 Ohio St.3d 374, 650 N.E.2d 449, the Ohio Supreme Court ruled that the sworn statement is mandatory and upheld the denial of an application because that sworn statement was missing. See, also, State v. Fussell (June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186 and State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891.
State v. Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, unreported, reopening disallowed (Mar. 8, 2002), Motion No. 35540, at 2-3. We are constrained to deny this application on this basis as well.
Because applicant has not met the standard for reopening, the application is denied.
KENNETH A. ROCCO, P.J. CONCURS ANNE L. KILBANE, J. CONCURS