JOURNAL ENTRY and OPINION
{¶ 1} Carlton W. Williams has filed an application to reopen his appeal asserting ineffective assistance of appellate counsel, claiming that appellate counsel failed to assign as error ineffective assistance of trial counsel for failing to move for a mistrial following the prosecutor's cross-examination of him regarding the amount of money in his possession at the time of his arrest despite the trial court's grant of a motion in limine excluding that evidence and for failing to request an instruction in writing on voluntary manslaughter. After careful review, we deny the application.
 {¶ 2} The procedural history reveals that in Case No. CR-257645, a petit jury convicted Williams of murder with a firearm specification. We affirmed and the Ohio Supreme Court overruled a pro se motion for leave to appeal.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} Here, we affirmed Williams' conviction on October 22, 1992, and he filed his application for reopening on February 12, 2002, beyond the ninety-day limit. Williams has not attempted to show good cause for the delay in filing his application, and his failure to do so provides a basis to deny the application for reopening.
 {¶ 5} We also note that Williams has not supported his application with an affidavit averring grounds for reopening. "* * * App.R. 26(B)(2)(d) requires a `sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *.' The failure to provide the required sworn statement is also sufficient basis to deny the application. In State v. Lechner (1995),72 Ohio St.3d 374, 650 N.E.2d 449, the Ohio Supreme Court ruled that the sworn statement is mandatory and upheld the denial of an application because that sworn statement was missing. See, also, State v. Fussell
(June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186 and State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891." State v. Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, reopening disallowed (Mar. 8, 2002), Motion No. 35540, at 2-3. This is an additional basis for us to deny this application.
 {¶ 6} Further, having reviewed the arguments set forth in Williams' application for reopening in light of the record, we have concluded that he has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v.Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 7} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 8} Also, Williams' request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204."State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 9} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio, and, as noted above, the Supreme Court denied leave to appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 10} Res judicata also bars further consideration of both of applicant's assignments of error because each was raised on direct appeal. In his first assignment of error, applicant complains that his trial counsel was ineffective for failing to move for a mistrial after the prosecutor cross-examined him about the amount of money in his possession when he was arrested. The trial court prohibited the introduction of this fact and others in its ruling on applicant's motion in limine. After the prosecutor asked applicant about the amount of money, trial counsel requested that the trial court declare a mistrial. The trial court denied the request. Tr. at 494.
 {¶ 11} Obviously, applicant is mistaken in his understanding of the facts on which he bases this assignment of error. That is, despite applicant's assertion to the contrary, trial counsel did seek — albeit unsuccessfully — to have the trial court declare a mistrial. Additionally, the trial court instructed the jury to "disregard that comment about the money." Tr. at 495. On direct appeal, this court stated that "we are unable to conclude defendant was deprived of a fair trial or that such comments materially and adversely affected defendant's substantial rights." State v. Williams (Oct. 22, 1992), Cuyahoga App. No. 61080, at 22 (citations deleted). Clearly, res judicata prevents applicant from maintaining the first assignment of error in the application.
 {¶ 12} On direct appeal appellate counsel also challenged the propriety of the trial court's refusal to instruct the jury on voluntary manslaughter. We held that the failure of counsel at trial to comply with the requirements of Crim.R. 30(A) provided a basis for determining that the court's refusal to instruct the jury on voluntary manslaughter was not error. And, we also observed that, in light of the record, the evidence was insufficient to warrant an instruction on voluntary manslaughter and any error in failing to give that instruction constituted harmless error. See State v. Williams (Oct. 22, 1992), Cuyahoga App. No. 61080, at 14-16. Given our analysis on direct appeal, we now conclude that the absence of an instruction on voluntary manslaughter did not prejudice Williams.
 {¶ 13} Here, Williams has not met the standard for reopening. Accordingly, the application is denied.
ANNE L. KILBANE, P.J., and ANN DYKE, J., CONCUR.