JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Ballinger, Cuyahoga County Court of Common Pleas Case No. CR-400795, applicant was convicted of murder under R.C. 2903.02. This court affirmed that judgment in State v. Ballinger, Cuyahoga App. No. 79974, 2002-Ohio-2146. The Supreme Court of Ohio denied Ballinger's motion for leave to file delayed appeal and dismissed her pro se appeal.State v. Ballinger (2002), 96 Ohio St.3d 1487, 2002-Ohio-4478.
 {¶ 2} Ballinger has filed with the clerk of this court an application for reopening. She asserts that she was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error that: trial counsel was ineffective; the trial court erred by "permitting [the] jury to find defendant guilty of the offense without finding that defendant culpable mental state (R.C. 2901.22(D))"; and "the trial court erred in allowing [the] jury to find defendant guilty of murder instead of involuntary manslaughter (R.C. 2903.03)." We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on May 13, 2002. The application was filed on August 14, 2002, in excess of the ninety-day limit.[1] Ballinger makes no effort to explain the delay in filing the application. Her failure to demonstrate good cause is a sufficient basis for denying the application for reopening. State v. Fanning (Oct. 23, 1997), Cuyahoga App. No. 71189, reopening disallowed, 2002-Ohio-4888, Motion No. 38469, ¶ 4.
 {¶ 5} The state has observed that applicant has not supported the application with an affidavit averring grounds for reopening. "* * * App.R. 26(B)(2)(d) requires a `sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *.' The failure to provide the required sworn statement is also sufficient basis to deny the application. In State v. Lechner (1995),72 Ohio St.3d 374, 650 N.E.2d 449, the Ohio Supreme Court ruled that the sworn statement is mandatory and upheld the denial of an application because that sworn statement was missing. See, also, State v. Fussell
(June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186 and State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891." State v. Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, reopening disallowed (Mar. 8, 2002), Motion No. 35540, at 2-3. Although Ballinger responded to the state's brief in opposition, she has not corrected this defect. In light of the cases cited above, the absence of a sworn statement requires that we deny Ballinger's application for reopening.
 {¶ 6} Applicant's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204."State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 7} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied her motion for leave to file a delayed appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of Ballinger's claim of ineffective assistance of appellate counsel.
 {¶ 8} Res judicata also bars a portion of applicant's first assignment of error which states:
 {¶ 9} "1. Ineffective Assistance of Counsel During Trial
 {¶ 10} "A. Attorney failed in proving the need of a medical experts testimony and/or their advice.
 {¶ 11} "B. Attorney failed to look into other defenses/strategies concerning appellant's medical history."
 {¶ 12} On direct appeal, however, appellate counsel assigned as error that trial counsel was ineffective for failing to secure medical expert testimony on Ballinger's seizure disorder. This court rejected that argument.
 {¶ 13} "Given the appellant's own testimony that she felt okay at the time of the stabbing with regard to her seizure condition, and the complete lack of any testimony or observable evidence to support appellant's trial strategy that she incurred a seizure event at the time of the stabbing, we cannot conclude that defense counsel's representation was deficient in not offering further medical expert testimony to buttress this defense claim. A medical expert's testimony would not have altered either the appellant's stated belief that she was okay at the time of the murder with regard to her seizures, or the fact that no other person observed signs of a seizure in appellant that morning. Accordingly, in light of the evidence presented at trial, we find that appellant has not established that there is a reasonable probability that the outcome of her trial would have been different if her trial counsel had called a medical expert on her behalf." State v. Ballinger, Cuyahoga App. No. 79974, 2002-Ohio-2146, ¶ 23. As a consequence, res judicata bars Ballinger's contention that her trial counsel was ineffective for failing to secure expert medical testimony.
 {¶ 14} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet her burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 15} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 16} In the second part of her first assignment of error, applicant complains that her trial counsel was ineffective for failing to "look into other defenses/strategies concerning appellant's medical history." Application, Assignment of Error 1(B). Ballinger does not identify anywhere in the record which provides a factual basis for this contention. "It is well-established that appellate counsel is not required to raise issues which do not arise from facts in the record. See, e.g.: State v. Sherrills (Apr. 5, 1990), Cuyahoga App. No. 56777, unreported, reopening disallowed in part and granted in part (June 24, 1996), Motion No. 55362, at 6 (failure to pursue discovery not in the record); State v. Townsend (May 12, 1988), Cuyahoga App. No. 53715, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50563, at 4 (failure to conduct a proper pretrial investigation)." State v. Kitchen
(June 27, 1996), Cuyahoga App. No. 69430, reopening disallowed (May 22, 1997), Motion No. 79833, at 6-7. "Rather, such issue should have been raised in postconviction relief proceedings. State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, reopening disallowed (Mar. 5, 1998), Motion No. 89560." State v. McNeal (Apr. 5, 2001), Cuyahoga App. No. 77977, reopening disallowed, 2002-Ohio-4764, Motion No. 38615, at 7-8. Ballinger's first assignment of error does not, therefore, provide a basis for reopening.
 {¶ 17} In her second assignment of error, Ballinger asserts:
 {¶ 18} "2.Trial Court Committed Prejudicial Error by Permitting Jury to find Defendant Guilty of Offense Without Finding that Defendant Culpable Mental State (R.C. 2901.22(D))"
 {¶ 19} In her reply to the state's brief in opposition to the application for reopening, Ballinger argues: "I never received a fair trial because the epilepsy defense, culpable mental state was never even considered. People vs. Barber 22 N.E. 182 (NY 1889). People vs. Higgins159 N.E.2d 179 (NY 1959)." In Barber and Higgins, the defendants-appellants asserted error arising from their convictions for murder despite asserting at trial that epilepsy affected their conduct. In Barber, a new trial was ordered based upon evidentiary issues. InHiggins, the verdict was set aside because the jury's implicit finding that the appellant was sane was contrary to the weight of the evidence.
 {¶ 20} The state observes that the trial court instructed the jury on the definition of purpose. Tr. at 643-644. Ballinger does not contest the propriety of this instruction. Additionally, as noted above, this court determined on direct appeal that the record does not support the conclusion that Ballinger suffered a seizure at the time she attacked the victim. At a minimum, res judicata bars Ballinger from being able to maintain this assignment of error. Ballinger's second assignment of error does not, therefore, provide a basis for reopening.
 {¶ 21} In her third assignment of error, Ballinger asserts:
 {¶ 22} "3. Trial Court Erred In Allowing Jury To Find Defendant Guilty of Murder instead of Involuntary Manslaughter (R.C. 2903.03)
 {¶ 23} "A. There was only one stab wound, shows not intentional
 {¶ 24} "B. Pratt [the victim's live-in girlfriend] testified that Ballinger looked red in the eyes and face, non-responsive, and her emotional state to be mad, upset (Tr. Pg 339)."
 {¶ 25} In its brief in opposition to the application for reopening, the state contends that this assignment of error fails because this court found on direct appeal that no reasonable juror could find that Ballinger was not guilty of purposely killing the victim. In her reply, Ballinger states: "that was a mistake on my part in saying R.C.2903.03 Involuntary Manslaughter when it should have been Voluntary Manslaughter." We accept, therefore, that Ballinger intends this court to treat her third assignment of error as stating that the jury should have been able to consider voluntary manslaughter.
 {¶ 26} In her reply, Ballinger asserts that she did not purposely cause the victim's death and contends: "A reasonable juror could have found defendant's innocence when in fact her and her infant child were hit in the face by the victim." Applicant's Reply. On direct appeal, however, Ballinger's appellate counsel assigned the following error: "Trial court erred in refusing to instruct the jury on the offense of inferior degree of voluntary manslaughter." State v. Ballinger, Cuyahoga App. No. 79974, 2002-Ohio-2146, ¶ 26. This court overruled this assignment of error after an extensive review of the facts.
 {¶ 27} "In the present case, the evidence indicates that the victim called appellant a bitch and slapped her. Appellant herself testified that this negative remark by the victim did not upset her. See Tr. 491, lines 24-25, 535. The "mere words" of calling appellant a bitch cannot, by itself, form the basis for sufficient provocation for the application of deadly force. See Shane, supra, at 635 [State v. Shane
(1992), 63 Ohio St.3d 630, 635, 590 N.E.2d 272]. Similarly, we cannot conclude that the solitary slap by the victim, which may have accidentally come into contact with the appellant's infant daughter, constituted serious provocation sufficient to incite the use of deadly force by appellant. Despite appellant's protestation that she feared for her, and her infant daughter's, safety, appellant left her infant daughter in an infant seat on the sofa with the victim when appellant exited the room. Appellant did not worry about her daughter being alone in the room with the victim because two other people, who were responsible, were in the room. See Tr. 533-534. Further, the claimed injury to her daughter cannot form the basis for serious provocation because that injury, if in fact it was caused by the slap of the victim, was insignificant being unobservable on the day of the murder and nominal, at best, when viewed several days after the murder. Given that appellant left the room for a period of time after having been slapped, a reasonable person would have cooled off in the interim between the slap and the stabbing. The victim only became threatening to appellant a second time when he saw appellant coming at him with a knife; it was after seeing an armed appellant coming at him that the victim tried to get off the sofa and said he wanted to harm the appellant, but was prevented from doing so by the actions of Pratt who was on top of him as appellant came toward the sofa. Objectively lacking reasonable provocation, the trial court did not err in refusing to instruct on the inferior offense of voluntary manslaughter.
 {¶ 28} "Furthermore, no reasonable jury could have found appellant not guilty of the purposeful killing of the victim where the appellant retrieved a knife from the kitchen, came back to the seated victim who was then being restrained by Pratt, did not respond to Pratt's attempts to calm her down and prevent her from harming the victim, and stabbed the victim from above with such force that she embedded practically the entire length of the knife blade into the victim's chest. Accordingly, the trial court did not err in refusing to give the requested instruction on voluntary manslaughter." State v. Ballinger, Cuyahoga App. No. 79974, 2002-Ohio-2146, ¶ 35-36.
 {¶ 29} Clearly, Ballinger's third assignment of error in her application for reopening raises the same issue as her appellate counsel raised in the second assignment of error on direct appeal: did the trial court err by prohibiting the jury from considering voluntary manslaughter. In light of the fact that Ballinger's appellate counsel assigned as error on direct appeal that the trial court should have instructed the jury on voluntary manslaughter, res judicata prevents her from maintaining her third assignment of error in the application for reopening.
 {¶ 30} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
ANNE L. KILBANE, J. and TERRENCE O'DONNELL, J. CONCUR.
[1] {¶ a} Days Month
18 May
30 June
31 July
14 August
93 TOTAL
{¶ b} Sunday, August 11, 2002, was the ninetieth day. This application was filed on the ninety-third day. Monday, August 12, 2002, was not a Saturday, Sunday or legal holiday. See App.R. 14(A).