JOURNAL ENTRY and OPINION
{¶ 1} Lamar Chaney has filed a timely application for reopening pursuant to App.R. 26(B). Chaney is attempting to reopen the appellate judgment that was issued by this court in State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020, which affirmed his plea of guilty to one count of aggravated robbery and two counts of kidnapping. For the following reasons, we decline to reopen Chaney's appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents this court from reopening Chaney's appeal. Res judicata may be applied to bar the further litigation of issues that were previously raised or could have raised through a direct appeal. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. A claim of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Chaney argues that appellate counsel was ineffective upon direct appeal as a result of failing to argue that the sentence as imposed by the trial court breached the terms of the plea agreement as agreed to by the State of Ohio. This court, in the direct appeal, has already addressed the issue of a violation of the plea agreement vis-a-vis the sentence that was imposed by the trial court. This court specifically held that:
 {¶ 4} "By entering into a plea agreement that provided for a sentence within a specific range, Chaney waived the right to contest any part of the sentence that conforms to the terms of the plea agreement. The court's sentence unquestionably falls within the fifteen to twenty-year range agreed upon between Chaney and the state. In fact, the only way he could receive a sentence in the fifteen to twenty-year range was if the court ordered two of the sentences to be served consecutively[. (T)]he maximum term for a first degree felony is ten years. See R.C.2929.14(A)(1). Chaney's acquiescence to the plea implicitly agreed to have the court issue consecutive sentences, so he invited the error of which he complains. See State v. Smith, Cuyahoga App. No. 79936, 2002-Ohio-3114." State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020, at 2.
 {¶ 5} Clearly, this court has already addressed the issue of an alleged breach of Chaney's plea agreement and thus res judicata bars any further review of the issue. State v Dehler (1995), 73 Ohio St.3d 307,652 N.E.2d 987; State v. Terrell (1995), 72 Ohio St.3d 247,648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 6} In addition, Chaney filed an appeal, pro se, with the Supreme Court of Ohio on September 3, 2002 and did raise or could have raised the issue of ineffective assistance of appellate counsel. Since the Supreme Court of Ohio dismissed Chaney's appeal, for failure to raise any substantial constitutional questions, the doctrine of res judicata once again bars review of the issue of ineffective assistance of appellate counsel as premised upon the claim of a breach of the plea agreement. See State v. Chaney, 97 Ohio St.3d 1471, 2002-Ohio-6347,779 N.E.2d 237.
 {¶ 7} Finally, we find that Chaney's application for reopening is fatally defective for failure to comply with App.R. 26(B)(2)(d), which provides that an application for reopening must contain a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." See State v. Lechner (1995),72 Ohio St.3d 3734, 650 N.E.2d 449; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 17747.
 {¶ 8} Accordingly, we deny Chaney's application for reopening.
FRANK D. CELEBREZZE, JR., P.J., and DIANE KARPINSKI, J., CONCUR.