JOURNAL ENTRY AND OPINION
{¶ 1} Kahris Williams has applied, pursuant to App.R. 26(B), to reopen the judgment in State v. Kahris Williams, Cuyahoga App. No. 82094, 2003-Ohio-4811, in which this court affirmed his convictions for aggravated murder, attempted murder, aggravated robbery, possession of drugs, and having a weapon under disability. The state has filed a brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} Williams maintains that his appellate counsel should have argued ineffective assistance of trial counsel. Williams then lists the deficiencies of trial counsel: (1) Trial counsel did not adequately pursue the strategy of self-defense, inter alia, by not investigating helpful witnesses and by not putting Williams on the stand; (2) Defense counsel did not obtain evidence that would have helped Williams; i.e.,
medical records that showed Williams' right hand was broken and a police statement from the surviving victim taken at the hospital; (3) Defense counsel shared confidential information with the prosecutor relating to a ring found on Williams when he was arrested; and (4) Appellate counsel did not adequately communicate with him and did not raise issues he wanted argued, including ineffective assistance of trial counsel.
 {¶ 3} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 4} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 5} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 6} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 7} In the present case, Williams' argument on ineffective assistance of appellate counsel is not well taken. It is easy to understand why appellate counsel in the exercise of professional judgment declined to argue ineffective assistance of trial counsel.
 {¶ 8} A cursory review of the record reveals that defense counsel presented a vigorous, multi-layered defense on behalf of Williams. First, he sought to suppress Williams' police statement, in which he admitted to the shootings, although characterized as self-defense.[1] Defense counsel attacked the credibility of the surviving victims, by highlighting past convictions and inconsistencies between their accounts. Self-defense was presented to the jury through the statements Williams gave the police. By not putting Williams on the stand, defense counsel eliminated the risks of cross-examination and highlighting Williams' previous convictions. Defense counsel obtained jury instructions for self-defense as well as other lesser included offenses, such as murder, voluntary manslaughter, involuntary manslaughter and felonious assault. All these actions could be considered sound trial strategy and tactics, and appellate counsel could, therefore, conclude that an appellate court, following the admonitions of Strickland, would be unlikely to uphold an argument based on ineffective assistance of trial counsel.
 {¶ 9} Specifically, Williams argues that his counsel was deficient for not introducing medical records showing that his right hand was broken and the statement Childs gave the police while in the hospital. However, it is difficult to understand how those records would have been helpful. Childs testified that Williams' right hand was in a cast, and Williams admitted to the shootings. Trying to argue that Williams could not have fired the gun because his right arm was in a cast would have undermined the persuasiveness of the self-defense strategy. Also in the proper exercise of his professional judgment, appellate counsel could have decided not to argue that trial counsel provided ineffective assistance on the basis that he failed to use the police statements Childs gave to the police while he was in the hospital. Childs was medicated in the hospital, and his prior convictions and the inconsistencies between his testimony and the other eye-witnesses' testimony provided other promising grounds for cross-examination.
 {¶ 10} Williams also asserts that his trial counsel breached his duty of confidentiality by telling the prosecutor that the ring the police found in Williams' pocket belonged to Williams.[2] In closing arguments, the prosecutor remarked that Williams, when confronted about the ring, said it was his. Williams maintains that he was speaking to defense counsel in confidence on this matter. However, there was no prejudice, because defense counsel objected to this argument and the judge sustained the objection. More importantly, the jury found Williams not guilty of Count III, aggravated robbery of Gibson involving the ring.
 {¶ 11} Moreover, to the extent that Williams bases his arguments on matters outside the record, such as witnesses defense counsel never called to the stand or never contacted, appellate counsel properly rejected such arguments, because appellate review is strictly limited to the record. The Warder, Bushnell Glessner Co. v. Jacobs (1898),58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." State v. Burke,97 Ohio St.3d 55, 2002-Ohio-5310, paragraph 10.
 {¶ 12} Additionally, Williams has not established that appellate counsel was ineffective for failing to communicate with him adequately and to raise all the arguments that Williams wanted. Williams has not shown that these arguments would have probably resulted in a reversal.State v. Trembly (May 16, 2000), Cuyahoga App. No. 75996, reopening disallowed (Oct. 30, 2000), Motion No. 16908 and State v.Inglesias-Rodriquez (March 16, 2000), Cuyahoga App. No. 76028, reopening disallowed (Oct. 12, 2000), Motion No. 17738.
 {¶ 13} The failure of Williams to provide a sworn affidavit, as required by App.R. 29(B)(2)(d), also requires denial of his application.State v. Lechner (1995), 72 Ohio St.3d 374, 650 N.E.2d 449; State v.Tierney, Cuyahoga App. No. 78847, 2002-Ohio-2607, reopening disallowed (Dec. 4, 2002), Motion No. 341035; and State v. Johnson (Dec. 14, 1998), Cuyahoga App. No. 72541, reopening disallowed (May 27, 1999), Motion No. 4430.
 {¶ 14} Accordingly, this court denies the application to reopen.
Cooney, P.J., concurs.
 Kilbane, J., concurs.
[1] The police arrested Williams less than an hour after the shootings. Williams admitted to the police that he had committed the shootings. He maintained, however, that the victims were going to physically injure him, for example, by pistol-whipping him, because he had sold them defective drugs. When the pistol flew out of Childs' hands, Williams recovered it, shot Childs several times, and shot and killed Gibson. A third man ran away. Williams then escaped by driving away in Childs' car.
[2] An eye-witness testified that he saw Williams pulling on Gibson's hand after Gibson had been shot. The police found a ring in Williams' pocket when they arrested him. Childs and Gibson's father testified that the ring found on Williams was similar to a ring Gibson wore. This formed, at least in part, the basis for Count III, aggravated robbery.