[Cite as *State v. Jackson*, 2016-Ohio-7474.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100877

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRISON JACKSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-13-574810-A
Application for Reopening
Motion No. 498297

**RELEASE DATE:** October 21, 2016

**FOR APPELLANT**

Harrison Jackson, pro se
Inmate No. A650980
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Denise J. Salerno
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Harrison Jackson has filed an application for reopening pursuant to App.R. 26(B). Jackson is attempting to reopen the appellate judgment rendered in *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, that affirmed his conviction for the offenses of rape (R.C. 2907.02(A)(2)) and kidnapping (R.C. 2905.01(A)(4)), but vacated the order of classification as a sexual predator and the imposition of an indefinite sentence of incarceration, and remanded to the trial court to conduct a sexual offender classification hearing and resentencing. We decline to reopen Jackson's appeal.

**{¶2}** Jackson has failed to comply with App.R. 26(B)(2)(d), which mandates that the applicant must attach to the application for reopening "a sworn statement of the basis for the claim that appellate counsel's representation was deficient." *State v. Doles*, 75 Ohio St.3d 604, 665 N.E.2d 197 (1996); *State v. Lechner*, 72 Ohio St.3d 374, 650 N.E.2d 449 (1995); *State v. Bates*, 8th Dist. Cuyahoga Nos. 97631, 97632, 97633, and 97634, 2015-Ohio-4176.

**{¶3}** In addition, App.R. 26(B)(2)(c) mandates that the application for reopening must contain "[o]ne or more assignments of error or arguments in support of assignments of error that were not considered on the merits * * * by any appellate court." Herein, Jackson has not presented this court with any proposed assignments of error or arguments that demonstrate a claim of ineffective assistance of appellate counsel. Jackson's failure to clearly state any assignments of error that should have been argued on appeal and the

failure to demonstrate a colorable claim of ineffective assistance of appellate counsel renders his application for reopening fatally defective. *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696; *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 45.

**{¶4}** Accordingly, the application for reopening is denied.

———

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR