JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant Ray Perry appeals from his conviction for escape. For the reasons set forth below, we affirm.
 {¶ 2} In March 1993, defendant was convicted of felonious assault, aggravated burglary, and carrying a concealed weapon in Case No. 291732 and was sentenced to an indefinite term of five to fifteen years imprisonment on the felonious assault charge, a concurrent term of eight to twenty-five years on the aggravated burglary charge, and one year, and one year plus a consecutive three-year term for the firearm specification. This court affirmed the conviction on direct appeal. SeeState v. Perry (May 12, 1994), Cuyahoga App. No. 65455. Defendant was paroled in August 2001, but ordered to complete the sentence under the supervision of the Adult Parole Authority. See State v. Perry, Cuyahoga App. No. 84060, 2004-Ohio-4233.
 {¶ 3} In March 2002, defendant was indicted in Case No. 420801 for the offense of escape for allegedly repeatedly failing to report to his parole officer following his 2001 release from prison. Following a jury trial, defendant was convicted of this offense and was sentenced to two years of imprisonment plus "a maximum term of post-release control." SeeState v. Perry, supra. Because the offense of escape is a felony of the second degree, the post-release control period was three years. See R.C. 2967.28; R.C. 2921.34.
 {¶ 4} In April 2005, defendant was again indicted for the offense of escape in Case No. 464744A. He eventually entered a guilty plea and on September 25, 2005, was sentenced to one year of community control sanctions under the supervision of the adult *Page 5 
probation department. See Case No. 464744A. On September 26, 2005, the trial court further ordered, as follows:
 {¶ 5} "Defendant to serve 55 days in county jail and having met the conditions of 55 days in county jail, community control is terminated. * * * Defendant ordered released."
 {¶ 6} On December 19, 2005, defendant was indicted for two counts of escape yet again in the instant case, Case No. 474846. In Count One, defendant was charged with breaking detention in connection with a felony of the first or second degree, i.e., Case No. 291732. In Count Two, he was charged with breaking detention in connection with a felony of the third, fourth or fifth degree, i.e., Case No. 420801.
 {¶ 7} The instant matter proceeded to a bench trial on August 13, 2007. At this time, the trial court held a sidebar conference then stated:
 {¶ 8} "THE COURT: And were you going to have it tried to the bench or to the jury?
 {¶ 9} "DEFENDANT PERRY: A bench.
 {¶ 10} "THE COURT: And Mr. Troyan, if you would be so kind as to have a conversation with your client, indicate to him what he would be giving up. * * *
 {¶ 11} "[DEFENSE COUNSEL] MR. GIERERICH: Could we have a quick side bar, Your Honor?
 {¶ 12} "THE COURT: Sure.
 {¶ 13} (Thereupon, a discussion was had at the sidebar off the record.)
 {¶ 14} "THE COURT: I'm going to sign this journal entry indicating that Mr. Perry *Page 6 
did execute this waiver in the Court's presence with counsel's advice. Once it has been journalized in the clerk's office, then the Court will have jurisdiction to hear this matter. * * * Continuing with Mr. Perry, 474846, I do have the time-stamped waiver which we'll make part of the Court record."
 {¶ 15} The state presented the testimony of James Wilson of the Ohio Adult Parole Authority. According to Mr. Wilson, defendant is "hybrid" parolee, as he is subject to three years of post-release control (in connection with Case No. 420801) and sixteen years of parole (in connection with Case No. 291732). Wilson indicated that defendant will remain under the supervision of the Ohio Adult Parole Authority until 2023.
 {¶ 16} On September 2005, the Ohio Adult Parole Authority could not determine defendant's whereabouts and declared that he was a violator-at-large. Defendant was arrested in Las Vegas, Nevada, on September 29, 2005, and was returned to Ohio. He had not been granted a travel permit authorizing him to leave the state.
 {¶ 17} On August 15, 2007, defendant was convicted of Count One (for breaking detention in Case No. 291732), and not guilty of Count Two. He was sentenced to two years of imprisonment and two years of post-release control sanctions. Defendant now appeals.
 {¶ 18} The first assignment of error raised for our consideration is whether defendant was subject to any parole or post-release control requirements as of September 2005. Defendant maintains that any parole requirements from Case No. 291732 terminated upon his conviction for a subsequent offenses, the sentence for which included a term of post-release *Page 7 
control, i.e., the escape conviction in Case No. 420801. Defendant further maintains that he, in fact, completed all reporting obligations pursuant to the trial court's September 26, 2005, journal entry in Case No. 464744A which ordered him released.
 {¶ 19} Effective March 31, 2003, the former version of R.C. 2967.28(F) stated:
 {¶ 20} "(4) Any period of post-release control shall commence upon an offender's actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner:
 {¶ 21} "(a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. * * *.
 {¶ 22} "(b) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under an indefinite sentence, and if the period of parole ends prior to the period of post-release control, the offender shall be supervised on post-release control. The requirements of parole supervision shall be satisfied during the post-release control period.
 {¶ 23} "(c) If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release *Page 8 
control that expires last, as determined by the parole board. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.
 {¶ 24} "(d) The period of post-release control for a releasee who commits a felony while under post-release control for an earlier felony shall be the longer of the period of post-release control specified for the new felony under division (B) or (C) of this section or the time remaining under the period of post-release control imposed for the earlier felony as determined by the parole board."
 {¶ 25} From the foregoing, we cannot accept the contention that a new conviction terminated the reporting requirements for the earlier conviction. The record indicates that defendant is "hybrid" parolee, as he is subject to three years of post-release control (in connection with Case No. 420801) and sixteen years of parole (in connection with Case No. 291732). The shorter period of post-release control is to be followed by parole supervision. The earlier requirement of parole supervision was not extinguished by the subsequent imposition of post-release control. Further, we cannot interpret the trial court's September 26, 2005 journal entry issued in Case No. 464744A as terminating the jurisdiction of the Adult Parole Authority in other separate matters for which parole and post-release control were imposed.
 {¶ 26} This assignment of error is without merit.
 {¶ 27} The second assignment of error for our consideration concerns the efficacy of the jury waiver herein. *Page 9 
 {¶ 28} Under Crim. R. 23(A), a defendant may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Pursuant to R.C. 2945.05, a jury waiver must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel, shall be in writing, signed by the defendant, filed in said cause and made a part of the record.
 {¶ 29} Similarly, in State v. Lomax, 114 Ohio St.3d 350, 353,2007-Ohio-4277, 872 N.E.2d 279, the Supreme Court stated that "to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." The court explained:
 {¶ 30} "We do not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends — that a defendant while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial."
 {¶ 31} "* * * To satisfy the "in open court" requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court."
 {¶ 32} In State v. Hunter, Cuyahoga App. No. 90126, 2008-Ohio-3138, this court considered whether a jury waiver was sufficient under the following facts. The following discussion took place:
 {¶ 33} "Mr. Sidoti: * * * At the table here he indicated to me through several minutes of *Page 10 
discussion that he wishes at this time to waive a jury and try this case to the bench. Is that correct, sir?
 {¶ 34} "Mr. Hunter: Yes.
 {¶ 35} "The Court: Mr. Hunter, that's your wish at this point in time?
 {¶ 36} "Mr. Hunter: Yes, your Honor.
 {¶ 37} "* * *
 {¶ 38} "The Court: * * * Mr. Sidoti, I'm going to hand you a waiver of jury trial. If you would read that along with your client and have him sign it and we'll take that for the record. (Pause) The Court has been present as Mr. Hunter has signed the voluntary waiver of jury trial and order. The Court will file and docket this. Understand very clearly, Mr. Hunter, once we begin with opening statements, jeopardy-
 {¶ 39} "Mr. Hunter: Yes, I understand.
 {¶ 40} "The Court: That's it. Jeopardy has attached.
 {¶ 41} "Mr. Hunter: Yes, ma'am. Yes, your Honor."
 {¶ 42} This court found the waiver sufficient and stated:
 {¶ 43} "there is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. * * * No additional colloquy wasneeded to reaffirm that his *Page 11 waiver was knowing, intelligent and voluntary." (Emphasis added.)
 {¶ 44} Accord State v. Currie (Mar. 13, 1997), Cuyahoga App. No. 70022 (where the defendant signs the waiver in open court, it is unnecessary to reaffirm this waiver by extensive colloquy with the defendant).
 {¶ 45} By application of the foregoing, we note that after the arraignment, defendant orally informed the trial court that he wanted the matter tried to the bench and not a jury. His counsel asked for a side bar conference and once back on the record, the trial court stated that the defendant "did execute this waiver in the Court's presence with counsel's advice." The court's inquiry, though brief, was sufficient for the court to determine that defendant was advised and was aware of the implication of voluntarily relinquishing a constitutional right to a trial by jury.
 {¶ 46} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., CONCURS IN JUDGMENT ONLY
MARY EILEEN KILBANE, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION)