JOURNAL ENTRY AND OPINION
{¶ 1} Ray A. Perry has timely filed an application for reopening pursuant to App. R. 26(B). Perry is attempting to reopen the appellate judgement, as rendered in State v. Perry, Cuyahoga App. No. 90497,2008-Ohio-5588, which affirmed his conviction for the offense of escape. For the following reasons, we decline to reopen Perry's appeal.
 {¶ 2} App. R. 26(B)(2)(d) requires "a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the *Page 3 
assignments of error or arguments raised *** and the manner in which the deficiency prejudicially affected the outcome of the appeal ***." This sworn statement is mandatory, and the failure to include such an affidavit is sufficient reason to deny the application. State v.Lechner, 72 Ohio St.3d 374, 1995-Ohio-25, 650 N.E.2d 449 and State v.Franklin, 72 Ohio St.3d 372, 1995-Ohio-8, 650 N.E.2d 447. Perry's application is unsupported by an affidavit, which requires that we deny the application for reopening.
 {¶ 3} Notwithstanding the failure of Perry to provide this court with a sworn affidavit, a substantive review of the application for reopening fails to establish any basis for the reopening of his appeal. In support of his application for reopening, Perry raises the following four proposed assignments of error:
 {¶ 4} "Assignment of Error No. I: A period of post release control supervision pursuant to R.C. 2767.28, does not run concurrently or consecutively to parole supervision, because the parole is satisfied (fulfilled) during the post release control period pursuant to R.C. 2967.28(F)(4)(b)."
 {¶ 5} "Assignment of Error No. II: Defendants must be notified of the imposition of post release control at the time of sentencing pursuant to R.C. 2929.14(F), R.C. 2967.28 and Hernandez v. Kelly, 108 St. 3d 395 [sic], 2006-Ohio-126." *Page 4 
 {¶ 6} "Assignment of Error No. III: An escape conviction is unlawful pursuant to R.C. 2921.34(b)(2) [sic], when the detaining authority knew or should have known there was no legal basis for the detention."
 {¶ 7} "Assignment of Error No. IV: Escape pursuant to R.C. 2921.34, is a third-degree felony, when the most serious offense for which the person was under detention is a felony of the 5th degree pursuant to R.C. 2921.34(C)(2)(b)."
 {¶ 8} Perry, through his initial assignment of error in support of his claim of ineffective assistance of appellate counsel, argues that the imposition and completion of his post-release control erases or satisfies any period of parole supervision, that resulted from his conviction for the offenses of felonious assault, aggravated burglary, and carrying a concealed weapon.
 {¶ 9} The issue of post-release control and the satisfaction of any period of parole supervision was previously raised and addressed upon direct appeal. This court held that:
 {¶ 10} "From the foregoing, we cannot accept the contention that a new conviction terminated the reporting requirements for the earlier conviction. The record indicates that defendant is a `hybrid' parolee, as he is subject to three years of post-release control (in connection with Case No. 420801) and sixteen years of parole (in connection with Case No. 291732). The shorter period of post-release control is to be followed by parole supervision. The earlier requirement of parole supervision was not extinguished by the subsequent imposition of post-release *Page 5 
control. Further, [**8] we cannot interpret the trial court's September 26, 2005 journal entry issued in Case No. 464744A as terminating the jurisdiction of the Adult Parole Authority in other separate matters for which parole and post-release control were imposed."
 {¶ 11} State v. Perry, Cuyahoga App. No. 90497, 2008-Ohio-5588, ¶ 25.
 {¶ 12} The doctrine of res judicata prevents this court from reopening Perry's appeal based upon the first proposed assignment of error. Errors of law that were previously raised through an appeal will be barred from further review vis-a-vis the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further examination by the doctrine of res judicata. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. Thus, the doctrine of res judicata prevents this court from considering Perry's first proposed Assignment of Error.
 {¶ 13} Perry's three remaining proposed assignments of error are unrelated to the underlying appeal and thus cannot be considered by this court. Perry was originally convicted of the offenses of felonious assault, aggravated burglary, and carrying a concealed weapon in Cuyahoga County Court of Common Pleas Case No. CR-291732. The conviction was affirmed in State v. Perry (May 12, 1994), Cuyahoga App. No. 65455. *Page 6 
 {¶ 14} In August of 2001, Perry was paroled and ordered to serve and/or complete the remainder of his sentence under the supervision of the Ohio Adult Parole Authority. Perry, however, violated the terms of his August 2001 parole and was charged and convicted of the offense of escape in Cuyahoga County Court of Common Pleas Case No. CR-420801. InState v. Perry (August 12, 2004), Cuyahoga County App. No. 84060, this court affirmed the conviction for escape, but remanded for resentencing on the basis that the trial court did not adequately explain the salient features of post-release control and failed to notify Perry of the consequences of a violation of post-release control. Perry was re-sentenced on October, 13, 2004, but no appeal was taken from the order of re-sentencing.
 {¶ 15} In April of 2005, Perry was once again charged with the offense of escape in Cuyahoga County Court of Common Pleas Case No. CR-464744. Perry entered a plea of guilty to the offense of escape and was sentenced to one year of community control. No appeal was taken from the plea of guilty or the resulting sentence of community control.
 {¶ 16} On December 19, 2005, Perry was charged with two counts of escape in Cuyahoga County Court of Common Pleas Case No. 474846. Count One involved breaking detention in connection with Cuyahoga County Court of Common Pleas Case No. 291732. Count Two involved breaking detention in connection with Cuyhaoga County Court of Common Pleas Case No. CR-420801. Following a bench trial, Perry was found guilty of Count One and not guilty with regard to Count *Page 7 
Two. Thus, Perry was convicted of the offense of escape solely with regard to violating the terms of his parole and ordered supervision under the Ohio Adult Parole Authority, as imposed with regard to Cuyahoga County Court of Common Pleas Case No. CR-291732. Perry filed an appeal on September 25, 2007. On October 30, 2008, this court affirmed Perry's conviction for the offense of escape.
 {¶ 17} The appeal, as filed in Cuyahoga App. No. 90497, was solely concerned with the finding of guilt as to Count One of the indictment, which related back to the conviction and sentence originally imposed in Cuyahoga County Common Pleas Case No. CR-291732. Perry's second, third and fourth proposed assignments of error are directly related to Count Two of the indictment and involve the argument that he was never informed of post-release control in any conviction that was rendered subsequent to the conviction as originally entered in 1992 in Cuyahoga County Court of Common Pleas Case No. CR-291732.
 {¶ 18} App. R. 26(B)(1) provides that Perry may only apply for reopening of the appeal from the judgment of conviction and sentence, based upon a claim of ineffective assistance of appellate counsel. Herein, there exists no appellate judgement, vis-a-vis Count Two of the indictment, since Perry was found not guilty of the charged offense of escape. Thus, we are prevented from considering Perry's second, third, and fourth proposed assignments of error, which are directly related to Count Two of the indictment as charged in Cuyahoga County Case No. CR-474846. State v. Skaggs (May 12, 1999), Cuyahoga App. No. 76301, reopening disallowed *Page 8 
(Sept. 21, 1999), Motion No. 7505. See, also, State v. Loomer (1996),76 Ohio St.3d 398; State v. Halliwell (Jan 29, 1999), Cuyahoga App. No. 70369, reopening disallowed (Jan 29, 1999), Motion No. 00187; State v.Fields (Feb. 29, 1996), Cuyahoga App. No. 68906, reopening disallowed (Sep. 5, 1997), Motion No. 84867; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (May 7, 1997), Motion No. 82993. It must also be noted that any other attempt to file an application for reopening, pursuant to App. R. 26(B), would be untimely with regard to any other appeal. An application for reopening, pursuant to App. R. 26(B), must be filed within ninety days of the date of journalization of the appellate judgment that is subject to reopening.State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. See, also, State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976,812 N.E.2d 970; State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252;State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 19} Accordingly, we deny Perry's application for reopening.
MARY J. BOYLE, J., and JAMES J. SWEENEY, J., CONCUR. *Page 1